# Exhibit A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

Index No:
Date Filed:

-----------------------------------------------------------------------X

RONALD JACKSON,

Plaintiff,

Plaintiff designates
KINGS COUNTY
as the place of trial

-against-

The basis of the venue is
Plaintiff's residence

SUMMONS

COSCO WHOLESALE CORPORATION d/b/a
COSCO WHOLESALE,

Defendant.

-----------------------------------------------------------------------X

To the above named defendant:

YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the Plaintiff's Attorney within twenty days after the service of this summons, exclusive of the day of service (or within thirty (30) days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear, judgment will be taken against you by default for the relief demanded in the complaint set forth below.

Dated: Brooklyn, New York
June 10, 2024

Yours, etc.

LAW OFFICES OF WALE MOSAKU, P.C.

/s/ Wale Mosaku

BY: WALE MOSAKU, ESQ.
Attorney for Plaintiff
25 Bond Street, 3rd Floor
Brooklyn, New York 11201
(718) 243-0994

Defendant's address:

976 3rd Avenue
Brooklyn, NY 11232

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

Index No:

-------------------------------------------------------------------X

RONALD JACKSON,

Plaintiff,

-against-

COMPLAINT

COSCO WHOLESALE CORPORATION d/b/a
COSCO WHOLESALE,

Defendant.

-------------------------------------------------------------------X

Plaintiff RONALD JACKSON (hereinafter "plaintiff"), by his attorneys LAW OFFICES OF WALE MOSAKU, P.C. as and for his Complaint, respectfully alleges, as follows:

1. That at all relevant times, and upon information and belief, the plaintiff was and still is a resident of the County of Kings, City and State of New York.

2. That at all times mentioned, and upon information and belief, defendant COSCO WHOLESALE CORPORATION d/b/a COSCO WHOLESALE (hereinafter "defendant"), was and still is a foreign business corporation licensed, authorized and existing under and by virtue of the Laws of the State of New York.

AS AND FOR A CAUSE OF ACTION AGAINST DEFENDANT

3. That on November 16, 2023, between the hours of 01:00 pm and 02:00 pm, defendant owned, leased, maintained, managed, operated and controlled a store and/or premises located at 976 3rd Avenue, Brooklyn, New York 11232.

4. On November 16, 2023, between the hours of 01:00 pm and 02:00 pm, while the plaintiff was lawfully and prudently within the parking lot area of the aforesaid premises (hereinafter "subject premises"), and while in due care and caution to his own safety and the safety of others, a number of shopping carts (hereinafter "subject shopping carts") that were loosely secured together, while operated, controlled and/or otherwise being transported by the defendant's employee(s), was/were in heavy collision with the plaintiff's body.

5. Said contact was occasioned without any fault or negligence on the part of the plaintiff and solely by reason of the fault and negligence of defendant, and/or its servants, employees and agents.

6. That the aforesaid collision was caused wholly by reason of the carelessness, recklessness and negligence of defendant's employee(s), who at the time was/were moving and/or transporting the subject shopping carts at an excessive rate of speed; failed to look; failed to see; failed to maintain proper control of the steering mechanism of the subject shopping carts; failed to maintain proper control over the braking mechanism of the subject shopping carts; failed to recognize the conduct and movement of other persons within the subject premises; failed to bring the subject shopping carts to a stop in time to avoid said collision; failed to yield right of way; failed to give warning by horn or otherwise of the impending collision; failed to provide for the safety and well-being of the plaintiff; failed to take steps to avoid collision; operated the subject shopping carts in an unsafe and negligent manner; failed to observe the plaintiff in sufficient time so as to avoid striking the plaintiff; in failing to take reasonable and necessary evasive actions so as to avoid striking the plaintiff; and that defendant's employee(s) was otherwise careless, reckless and negligent and caused said collision.

7. As a result of the negligence, carelessness and recklessness of the defendant, and without any negligence on the part of plaintiff contributing thereto, plaintiff was caused to sustain serious, severe, permanent and protracted injuries, so that plaintiff became sick, sore, lame and disabled, required medical attention and treatment, suffered injuries to his head, body and limbs, suffered internal and external injuries, some of which would be permanent, and plaintiff became disabled and is still partially restricted in his normal activities.

8. By reason of the foregoing, plaintiff incurred and in the future will necessarily incur further hospital and/or medical expenses in an effort to be cured of said injuries, and plaintiff has suffered and will necessarily suffer additional loss of time and earnings from employment; and plaintiff will be unable to pursue his usual duties with the same degree and efficiency as he was able to prior to this accident.

9. WHEREFORE, plaintiff demands judgment against the defendant, in a sum which exceeds the jurisdictional limits of all the lower courts of this State; together with the costs and disbursements of this action.

Dated: Brooklyn, New York
June 10, 2024

Yours, etc.

LAW OFFICES OF WALE MOSAKU, P.C.

/s/ Wale Mosaku

BY: WALE MOSAKU
Attorney for Plaintiff
25 Bond Street, 3rd Floor
Brooklyn, New York 11201
(718) 243-0994

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
----------------------------------------------------------------------X Index No.
RONALD JACKSON,

Plaintiff,

-against-

CERTIFICATION

COSCO WHOLESALE CORPORATION d/b/a
COSCO WHOLESALE,

Defendant.
----------------------------------------------------------------------X

The undersigned attorney does hereby certify:

That I am the attorney for the plaintiff and duly admitted to practice law before the Courts of the State of New York. I do hereby provide this signed certification pursuant to 22 NYCRR Part 130-1.1 (c), that the papers that I have served, filed or submitted to the Court in this action are not frivolous.

Dated: Brooklyn, New York
June 10, 2024

LAW OFFICES OF WALE MOSAKU, P.C.

/s/ Wale Mosaku

BY: Wale Mosaku, Esq.
Attorney(s) for Plaintiff
25 Bond Street, 3rd Floor
Brooklyn, New York 11201
(718) 243-0994

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS Index No.

RONALD JACKSON,

Plaintiff(s),

-against-

COSCO WHOLESALE CORPORATION d/b/a
COSCO WHOLESALE,

Defendant(s).

SUMMONS AND COMPLAINT

LAW OFFICES OF WALE MOSAKU, P.C.
Attorney(s) for Plaintiff(s)
25 Bond Street, 3rd Floor
Brooklyn, New York 11201
(718) 243-0994

To:

Service of a copy of the within is hereby admitted.

Dated:................ 202_

Attorney(s) for Defendant(s)

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF** KINGS

---------------------------------------------------x

RONALD JACKSON

Plaintiff(s)/Petitioner(s),

Index No. 515944/2024

- against -

COSCO WHOLESALE CORPORATION

Defendant(s)/Respondent(s).

---------------------------------------------------x

## NOTICE REGARDING AVAILABILITY OF ELECTRONIC FILING SUPREME COURT CASES

PLEASE TAKE NOTICE that plaintiff(s)/petitioner(s) [defendant(s)/respondent(s)] in the case captioned above intends that this matter proceed as an electronically-filed case in the New York State Courts Electronic Filing System ("NYSCEF") in accordance with the procedures therefor, set forth in Uniform Rule 202.5-b and described below. Under that Rule, filing and service of papers by electronic means cannot be made by a party nor can electronic service be made upon a party unless that party has consented to use of the System for the case in question. Each party served with this Notice must promptly file with the court and serve on all other parties either a consent or a declination of consent to electronic filing and service through NYSCEF for this case. (See Instruction # 2 below.)

### General Information

Electronic filing offers significant benefits for attorneys and litigants, permitting documents to be filed with the County Clerk and the court and served, between or among consenting parties, by posting the documents on the NYSCEF Website, which can be done at any time of the day or night on any day of the week. There is no fee to use the NYSCEF System, whether for filing, service, or consultation of the electronic docket, nor is there a charge to print documents from the docket. Normal filing fees must be paid, but this can be done by credit or bank card on-line. For additional procedures and information, see Uniform Rule 202.5-b, any e-filing protocol that may have been promulgated by the court in question, and the NYSCEF Website at www.nycourts.gov/efile.

## Instructions

1. Service of this Notice constitutes consent to e-filing and a statement of intent by the undersigned to use the NYSCEF System in this case. When an action or proceeding is being commenced through the NYSCEF System, this Notice must accompany service of the initiating papers.

2. Each party served with this Notice may consent to e-filing either: (i) by filing with the court and serving on all parties of record a consent to e-filing, or (ii) if an authorized e-filing user, by filing a consent electronically in the manner provided at the NYSCEF site. Parties who do not wish to consent must file and serve a written declination of consent. If one party or some but fewer than all parties consent, NYSCEF may be used by and between or among consenting parties.

3. Each participating attorney, unless already registered, or self-represented party must **PROMPTLY** create a NYSCEF account and obtain the confidential Filing User Identification Number and Password necessary to use the system. To create a NYSCEF account, go to www.nycourts.gov/efile, click the Create an Account link, and follow the instructions.

4. For additional information about NYSCEF, see the *User's Manual* and *Frequently Asked Questions* on the Website, or contact the court in question or the NYSCEF Resource Center (phone: 646-386-3033; e-mail: efile@nycourts.gov; mailing address: 60 Centre Street, New York, New York 10007).

Dated: 06/10/2024

_______________ (Signature)

WALE MOSAKU (Name)

LAW OFFICES OF WALE MOSAKU, P.C. (Firm)

25 BOND STREET, 3RD FLOOR (Address)

BROOKLYN, NEW YORK 11201

(718) 243-0994 (Phone)

(718) 243-9148 (Fax)

WMOSAKU@JUNO.COM (E-mail)

Attorney(s) for Plaintiff

6/4/14

202406210 758

2024062100 2248