UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------x    24-cv-4740 (OEM)(CHK)

RONALD JACKSON,

                              Plaintiff,

                                      **AFFIRMATION IN OPPOSITION TO DEFENDANT'S MOTION(S)** *IN LIMINE*

        -against-

COSTCO WHOLESALE CORPORATION d/b/a
COSTCO WHOLESALE,

                             Defendant.

-------------------------------------------------------------x

Plaintiff Ronald Jackson (hereinafter "plaintiff") respectfully submits his affirmation in opposition to the defendant's motion(s) *in limine*.

(A)

***THE DEFENDANT'S APPLICATION TO PRECLUDE THE TESTIMONY OF THE PLAINTIFF'S DESIGNATED EXPERT, NAMELY RANGA KRISHNA, M.D., SHOULD BE DENIED***

    i.   ***The defendant's contention that the plaintiff's expert's report is non-compliant with FRCP Rule 26(a)(2)(B) and therefore insufficient is demonstrably incorrect***:

The defendant's contention that the disclosed report of Ranga Krishna, M.D. (hereinafter "Dr. Krishna") is non-compliant with the provisions of FRCP 26(a)(2)(B) is demonstrably incorrect.

Dr. Krishna's above-referenced report (see DE 36(2)) complies with FRCP 26(a)(2)(B) except for the attachment thereto of the medical records cited to therein pursuant to FRCP 26(a)(2)(B)(iii). However, the medical records cited to therein comprise of thousands of pages. It would thus have been impractical to attach same to said report.

It must be noted that the defendant did not object to said report at the time it was exchanged, and in any event, duly executed HIPAA authorizations permitting each of the physicians/medical facilities cited to within Dr. Krishna's report to release the plaintiff's records to defendant's counsel, and expiring at the conclusion of the instant litigation, had prior to the exchange of Dr. Krishna's report, been forwarded to defendant's counsel.

In addition, <u>certified</u> records of <u>each</u> of the physicians/medical facilities cited to within Dr. Krishna's report have been forwarded to the defendant's counsel (on April 2, 2026).

Finally, adopting the same argument that the defendant is making herein, the plaintiff could similarly object to the testimonies of the defendant's designated experts, namely Brian D. Greenwald, M.D. and Marshall J. Keilson, M.D., on the basis that said experts did not attach medical records to the reports that they exchanged with the plaintiff's counsel (see annexed Exhibits "1" through "3").

ii. ***The defendant's contention that Dr. Krishna's testimony cannot be offered as a "treating" provider is contradicted by the fact that the plaintiff had previously disclosed to the defendant that Dr. Krishna was one of his treating physicians***:

The defendant's contention (see defendant's "Affirmation in Support of Motion in Limine" dated March 23, 2026, at ¶ "7") that Dr. Krishna's testimony cannot be offered as a "treating' provider is belied by the fact that the plaintiff's counsel had previously disclosed to the defendant's counsel that Dr. Krishna was one of the plaintiff's treating physicians (see annexed Exhibit "4").

Indeed, the certified records of Dr. Krishna that have been exchanged by the plaintiff confirm that the plaintiff's treatment by Dr. Krishna was not a "one off", but continuous (see annexed Exhibit "5"[1]).

iii. ***Pursuant to FRE 803(6) and FRE 902(11), Dr. Krishna may testify about the contents of records of the plaintiff's other treating physicians and hospitals***

FRE 703 states as follows: "*An expert may base an opinion on facts or data in the case that the expert has been made aware of or personally observed. If experts in the particular field would reasonably rely on those kinds of facts or data in forming an opinion on the subject, they need not be admissible for the opinion to be admitted. But if the facts or data would otherwise be inadmissible, the proponent of the opinion may disclose them to the jury only if their probative value in helping the jury evaluate the opinion substantially outweighs their prejudicial effect.*"

Moreover, the facts that form the basis for an expert's opinions or inferences need not be admissible in evidence if of a type reasonably relied upon by experts in the particular field in forming their opinions. See <u>United States v. Locascio</u>, 6 F.3d 924, 938 (2d Cir. 1993).

---

[1] Which is a note from Dr. Krishna that was provided to the plaintiff approximately five months <u>after</u> the disclosure of Dr. Krishna as the plaintiff's trial expert witness.

It goes without saying that physicians reasonably rely upon the records of other physicians (of similar or differing specialties, such as radiologists) in forming their opinions.

Based on the foregoing, it is respectfully submitted that Dr. Krishna is permitted to testify about the contents of the certified (pursuant to FRE 902) medical records of the plaintiff's other treating physicians and hospitals.

As set forth above, the plaintiff's counsel has exchanged with the defendant's counsel all of the certified medical records that Dr. Krishna will refer to while testifying at the time of trial.

iv.    ***Defendant's contention that Dr. Krishna be barred from testifying as to causation at the time of trial should be disregarded***

As set forth in the expert report that has been exchanged with the defendant (see DE 36(2)), Dr. Krishna will testify, *inter alia*, that "…*the symptoms and injuries sustained by the patient outlined above are in my opinion, causally related to the accident on November 16, 2023*".

At that time, Dr. Krishna will obviously be cross-examined by the defendant's counsel, at which point he will have the opportunity to contest Dr. Krishna's findings and conclusions in the presence of the jury.

In any event, the defendant has designated and disclosed two purported experts whose reports have been exchanged (see Exhibits' "1" through "3"). The defendant has further disclosed that said experts will testify that the plaintiff's injuries are not causally related to the accident of 11/16/2023.

Assuming *arguendo* that one accepts the defendant's rationale in seeking to bar Dr. Krishna from testifying about "causation", the plaintiff, similarly, could conceivably argue that the defendant's above-referenced experts be barred from testifying at the time of trial that the plaintiff's injuries are not causally related to the accident of 11/16/2023.

Thus, rather than having this Honorable Court make a judicial finding about the testimonies of the parties respective experts, the plaintiff respectfully submits that the defendant have faith in his designated experts, and let the finders of fact, specifically the jury, resolve the "credibility contest" between the parties experts.

v.  ***Defendant's contention that it should be allowed to impeach Dr. Krishna is the subject of the plaintiff's pending motion in limine***

The plaintiff's pending motion *in limine*, which seeks, *inter alia*, to preclude the defendant from questioning Dr. Krishna about a stale 2012 conviction, is pending before the Court (DE 38), and in the interest of judicial economy, the plaintiff refers to, relies upon, and incorporates herein the arguments set forth by his counsel therein.

It is respectfully submitted that the reliance by the defendant on the decision by the Honorable Kimba Wood is unavailing. See Tardif v. City of New York, No. 13-cv-4056 (KMW), 2022 U.S. Dist. LEXIS 112295 (SDNY June 2022).

At that time, Judge Wood, in permitting Dr. Krishna to be impeached by the 2012 conviction found, *inter alia*, that at that time, "…*the age of Dr. Krishna's conviction is very close to the cutoff of ten years*". That is certainly not the case approximately four years later (April 2026).

It is respectfully submitted that at the time of trial, rather than have the jury distracted by a stale conviction of Dr. Krishna that is unrelated to his medical expertise, that Your Honor ensure that their focus remains on the facts and evidence regarding the plaintiff's claimed injuries.

Additionally, the other allegations set forth in pending civil lawsuits that the defendant refers to are unsupported hearsay allegations and patently inadmissible (see defendant's "Affirmation in Support of Motion in Limine" dated March 23, 2026, at ¶ "39" through "42").

(B)

***THE PLAINTIFF AND HIS COUNSEL DO NOT INTEND TO MAKE DISPARAGING, PREJUDICIAL OR INFLAMMATORY REMARKS ABOUT THE DEFENDANT OR ITS COUNSEL DURING THE TRIAL***

Neither the plaintiff nor his counsel will make prejudicial, disparaging or inflammatory remarks about the defendant or its counsel.

However, as the Court is aware, also pending before Your Honor is a motion *in limine* by the plaintiff to sanction the defendant for its spoliation of crucial evidence, specifically the surveillance video footage of the occurrence that was viewed, retrieved and downloaded into a flash drive by the defendant's employee named William Baker, Jr.

To the extent Your Honor grants said application and includes a negative inference charge against the defendant in the jury instructions, the plaintiff's counsel will certainly argue that the jury indeed draw a negative inference from said spoliation.

(C)

### THE HONORABLE MAGISTRATE JUDGE SETH D. EICHENHOLTZ WILL PRESIDE OVER JURY SELECTION

By Order dated 03/23/2026, the Honorable Magistrate Judge Seth D. Eichenholtz was selected to conduct the jury selection.

At that time Judge Eichenholtz directed the parties to submit, *inter alia*, "*proposed voir dire*", and the parties have complied with said directive (DE 41 and DE 43).

The defendant, citing cases from other Circuits, seeks to limit the plaintiff's counsel's participation in *voir dire* by its application that the plaintiff's counsel be barred from asking "commitment" questions, a vague phrase.

It is respectfully submitted that with regards to jury selection, Judge Eichenholtz is the jurist best placed to determine the procedure that will be followed, and also to address and resolve any issues that may or will arise.

(D)

### THE DEFENDANT'S REQUEST THAT THE PLAINTIFF'S COUNSEL BE PRECLUDED FROM RAISING "GOLDEN RULE" OR "REPTILE THEORY" ARGUMENTS AT TRIAL SHOULD BE DISREGARDED

It is respectfully submitted that the phrases "Golden Rule" and "Reptile Theory" are ill defined, vague and ambiguous terms.

The parties counsel will offer evidence at trial. Once the parties counsel have fully presented their cases and rested, they will then make their closing arguments to the jury.

The plaintiff's counsel will certainly be guided by the jury instructions at that juncture, and will certainly not appeal to bias, emotion or sympathy.

(E)

### THE DEFENDANT'S REQUEST THAT THE PLAINTIFF'S COUNSEL BE PRECLUDED FROM "UNSUBSTANTIATED ANCHORING" AT TRIAL SHOULD BE DISREGARDED

It is respectfully submitted that the phrase "Unsubstantiated Anchoring" is ill defined, vague and ambiguous terms.

Effectively, the defendant, self-servingly, seeks to limit the amount of monetary compensation that the plaintiff's counsel will request from the jury.

Clearly, included in the jury instructions will be the admonition that any statements or suggestions made by counsel during opening and closing statement are not evidence.

It is thus respectfully submitted that this brazen attempt by the defendant to micro-manage and dictate the plaintiff's counsel's trial strategy and representation of the plaintiff should be disregarded.

### CONCLUSION

WHEREFORE, for the foregoing reasons, it is respectfully requested that the defendant's motion(s) be denied in its entirety; together with such other and further relief as this Court may deem just and proper.

Dated:  Brooklyn, New York
      April 6, 2026

                    Respectfully submitted,

                    LAW OFFICE OF WALE MOSAKU, P.C.

                            /s/ Wale Mosaku
           By:_____
                       Wale Mosaku
                       Attorney for Plaintiff
                       25 Bond Street, 3rd Floor
                       Brooklyn, New York 11201
                       (718) 243-0994

TO:
Connors & Connors, P.C.
Attorneys for Defendant
COSTCO WHOLESALE CORPORATION
d/b/a COSTCO WHOLESALE
766 Castleton Avenue
Staten Island, New York 10310
(718) 442-1700